# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# LINCOLN.

## MAY TERM,

## 1828.

---

### KIMBALL *vs.* PREBLE & ALS.

A bond given for the prison limits by a debtor in execution, under *Stat.* 1822, *ch.* 209, is a valid bond, though it be taken in less than double the amount of the debt and costs.

The delivery of such bond to the gaoler is a good delivery to the obligee.

And if the obligee brings a suit upon the bond, this is an approval of the sureties, equivalent to the approbation of two justices of the *quorum.*

THIS was an action of debt on a bond given for the liberty of the debtor's limits, in the form prescribed by *Stat.* 1822, *ch.* 209, but not in double the amount of the debt and costs ; nor was it approved by two justices of the *quorum,* as the statute required. The debtor was not discharged from confinement, by taking the poor debtor's oath, within nine months after the execution of the bond ; nor did he surrender himself to the gaoler, and go into close prison, within three days after the expiration of that period ; but he remained within the goal yard till the commencement of this action. The bond was kept by the gaoler, till the plaintiff took it for the purpose of bringing this suit.

45

---

Kimball *v.* Preble & als.

---

Upon these facts, in a case stated, the question whether the action was maintainable was submitted to the court.

*Barnard*, for the plaintiff, contended that he was entitled to this action. Though the bond. is not for exactly double the amount of the debt and costs, yet by *Stat.* 1822, *ch.* 209, the gaoler is not now, as he was before the passage of that statute, liable to an action for an escape, for that cause; the act having exempted him from liability in such a case, where the error was owing to accident or mistake. Wherever, therefore, the bond is sufficient to justify the enlargement of the debtor, it is a good bond to the creditor; or he is remediless; contrary to the manifest intent of the legislature.

And the delivery was sufficient. It being the duty of the gaoler to take the bond, he is by law the agent of the creditor to receive it; and his act is ratified by the creditor's receipt of the bond from him, and his resort to this action. 5. *Mass.* 317. 7. *Mass.* 98. 3. *Greenl.* 156. 447. 10. *Mass.* 206. 2. *Mass.* 423. It was not necessary that it should be approved by two justices. The creditor has waived this provision, introduced for his benefit, by accepting the bond. 3. *Mass.* 86. 8. *Mass.* 373. 11. *Mass.* 11. And if it is not conformable to the statute, yet is a good obligation at common law. 7. *Mass.* 200. 9. *Mass.* 221.

*Allen*, for the defendants, denied the validity of the bond at common law, because it was conditioned for the surrender of the personal liberty of the obligor, to which the common law will not lend its sanctions. It derived its whole vigor from the statute; and must therefore show a compliance with the statute provisions. But in this respect it was materially defective, as it was neither taken in the requisite sum, nor approved by two justices of the *quorum*. Being therefore against the policy and principles of the common law, and not within the statute, it was merely void.

But if not, yet it was not the deed of the defendants, for want of delivery. The case expressly admits that it was not delivered to the obligee, but left with the gaoler.

If, however, the bond should be deemed valid, and perfectly executed, yet upon the authority of *Winthrop v. Dockendorff* 3. *Greenl.*

Kimball *v.* Preble & als.

156. the plaintiff, upon a hearing in equity, is entitled to no more than nominal damages, none having been sustained.

MELLEN C. J. delivered the opinion of the Court.

We are well satisfied that the bond was properly placed in the hands of the gaol keeper, and that a delivery of it by the defendants to him was a delivery of it to the plaintiff, who has received it, and is in this action claiming the benefit of it. This circumstance is also proof of the plaintiff's approbation of the sureties; and his approval is by the 4th section of the act of 1822, *ch.* 209, equivalent to the approbation of two justices of the peace *quorum unus.* Nor do we think that the bond is objectionable, because it was given for a sum less than double the sum for which the debtor was committed; for the 9th section of the act provides, that no sheriff, gaoler or prison keeper shall be liable for an escape, in consequence of allowing the liberty of the gaol yard to a prisoner, on his giving bond therefor, notwithstanding such bond, from accident, mistake or misapprehension, may not have been given for double the sum for which the debtor was imprisoned. In the case before us the bond was for two dollars and ninety six cents less than the true sum, which must have arisen from some error or misapprehension. The bond must therefore be considered good under the statute, or else the creditor could have no remedy, either against the sheriff or gaol keeper, or the sureties, according to the argument of the defendants' counsel. But if the bond could not be good as a statute bond, it would be good at common law; as has been repeatedly decided in the cases cited by the counsel for the plaintiff. According to the agreement of the parties, the defendants must be defaulted.